IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | *<br>*<br>* |
| v | * CASE 97-CR-0084-02 PG<br>* |
| ELADIO SANTIAGO SANCHEZ<br>Defendant | *<br>*<br>* |

OPPOSITION TO DEFENDANT'S REQUEST FOR EARLY TERMINATION OF
HIS SUPERVISED RELEASE

TO THE HONORABLE COURT:

NOW COMES the United States of America represented by the undersigned attorneys and respectfully sets forth and prays as follows:

1. The defendant has filed a motion requesting early termination of his supervised release.

2. The United States objects the defendant's request based on the following:

   a. The Judgment issued in this case, dated January 29, 1999, ordered restitution in the amount of $108,333.33 to be paid IN FULL IMMEDIATELY. Pursuant to 18 U.S.C. section 3612 (f), the defendant shall pay interest on any fine or restitution of more than $2,500.00 unless the fine is paid in full before the fifteenth day after the date of the judgment. Since the restitution is in excess of $2,500.00 and the Defendant failed to make full payment within the fifteen days after the date of the Judgment, interest was then imposed in accordance with said statute.

   b. The Financial Litigation Unit ("FLU") of the U.S. Attorney's Office then enforced the collection of the impositions and sent the defendant a collection letter, dated July 1, 1999. The letter informed of the above provision of law and advised the defendant that the

USA v Eladio Santiago Sánchez
CASE: 97-CR-0084-02 PG
Page 2

account will accrue interest and penalties.

    c. On July 12, 1999 the defendant's attorney informed "FLU" that the defendant had filed an appeal. "FLU" replied with a letter dated July 27, 1999 informing that the Government will continue with the collection because there was no evidence in the record that the defendant had requested a stay pending appeal.

    d. Then, on August 25, 2000, in related forfeiture case 97-CV-1320 (SEC) some properties were seized/forfeited with a stipulated value of $203,000. In that case, it was agreed that the properties would be released but that the Government would retain $108,000.00 to apply to the restitution of the case at bar.

    e. On September 22, 2000 the Court approved the stipulation and released the properties. Accordingly, the amount of $108,495.00 was sent to the U.S. District Court Clerk's office and was credited to the restitution.

    f. In addition, the Government's records show that the defendant, on his own, made five (5) payments which totaled $325.00 also to be applied to the restitution.

    g. According to the Government records, the account still has a pending balance of accrued interest in the amount of $8,548.83, still owed.

    h. The defendant never contested nor replied the "FLU" collection letters nor requested from the Court to clarify if the restitution would accrue interest or not.

    i. In addition, when one looks at the Judgment, there is no indication that the Court waived the interest.

    3. The Government's position is that the release of this defendant should not be

USA v Eladio Santiago Sánchez
CASE: 97-CR-0084-02 PG
Page 3

terminated as he has failed to comply with the payment of the impositions, a condition imposed by the judgment as follows:

> "If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the is judgment." (See Judgment page 3)

4. If the Defendant were to be released from supervision he would still be, pursuant to 18 U.S.C. 3613(b), liable for the payment of the restitution.

5. The above provision states:

> "(b) Termination of liability- The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon death of the individual fined."

6. In addition ,18 U.S.C. 3613(f) makes 18 U.S.C. 3613(b), supra, applicable to restitutions as well.

WHEREFORE, the United States of America respectfully requests to deny defendant's request; and further, order the payment of the interest owed in the restitution, even if the term of supervised release is terminated, in accordance with 18 U.S.C. 3613(f) .

CERTIFICATE: I hereby certify that on 11-18-04 I electronically filed the instant motion via CM/ECF and sent a copy, by regular mail, to the attorney of record Joaquin Monserrate

USA v Eladio Santiago Sánchez
CASE: 97-CR-0084-02 PG
Page 4

Matienzo at 606 Muñoz Rivera Ave., Hato Rey, P.R. 00918; to the defendant at Urb. Hillside, I-10 5th St., Rio Piedras, PR 00926; and Raúl González, Supervising U.S. Probation Officer via fax 766-5945.

In San Juan, Puerto Rico this 18th day of November, 2004.

            H.S. GARCIA
            UNITED STATES ATTORNEY

          S/ *Rebecca Vargas-Vera*
            REBECCA VARGAS-VERA 203307
            ASSISTANT U.S. ATTORNEY
            Torre Chardon, Suite 1201
            350 Chardon Ave.
            San Juan, P.R., 00918
            Tel. (787) 766-5656/ FAX: 771-4049